UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA

v.                               406CR258

YUSEF JACKSON

## ORDER

In 2007, Yusef Jackson was convicted by a jury for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Doc. #74. In April 2007, Jackson was sentenced to 120 months' imprisonment. Doc. #90. Jackson unsuccessfully appealed, *see United States v. Jackson*, 249 Fed. Appx. 130 (11th Cir. 2007). In 2008, Jackson filed an unsuccessful 28 U.S.C. § 2255 motion, Doc. ##107, 112, 113. Jackson appealed, and the Eleventh Circuit denied a certificate of appealability. Doc. ##115, 124. In April 2010, the Eleventh Circuit denied Jackson's application for leave to file a second or successive § 2255 motion. Doc. #122. In July and August 2010, Jackson filed a second and third 28 U.S.C. § 2255 motion which this Court dismissed as successive. Doc. ##123, 128, 129, 130, 134, 135.

Jackson now has filed a "Motion To Correct Judgment pursuant to Fed. R. Crim. P. 36." Doc. #139. Jackson claims that this Court erred at sentencing by not granting him credit for time served while in state custody from August 10, 2006 through August 3, 2008. *Id.* at 1. According to Jackson, this Court has the authority to grant this relief pursuant to Rule 36 of the Federal Rules of Criminal Procedure. *Id.*

However, as the government correctly notes, Rule 36 allows a court to "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. This rule only can be used to correct clerical errors, the kind made by a clerk or scribe, not to alter substantively a criminal sentence or even to correct other clear errors made by the Court at sentencing. *United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003) (reversing order utilizing Rule 36 to add forfeiture provision to J & C); *accord United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) (describing rule's purpose as to correct clerical errors, not judicial errors in sentencing).

The claim Jackson makes – that this Court failed to grant him credit for time served while in state custody – is not one of clerical error. "A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000). A section 2241 motion must be filed in the district of the prisoner's confinement. *See* 28 U.S.C. § 2241; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 442-443, 124 S.Ct. 2711 (2004). Here, Jackson is confined in the District of South Carolina, so this Court lacks jurisdiction over any §2241 claim he might raise.

Accordingly, Jackson's "Motion To Correct Judgment pursuant to Fed. R. Crim. P. 36" is **DENIED**.

This ___ day of May, 2012.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA