

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA

v.  406CR258

YUSEF JACKSON

## ORDER

In 2007, Yusef Jackson was convicted by a jury for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Doc. #74. In April 2007, Jackson was sentenced to 120 months' imprisonment. Doc. #90. Jackson unsuccessfully appealed, *see United States v. Jackson*, 249 Fed. Appx. 130 (11th Cir. 2007). In 2008, Jackson filed an unsuccessful 28 U.S.C. § 2255 motion, Doc. ##107, 112, 113. Jackson appealed, and the Eleventh Circuit denied a certificate of appealability. Doc. ##115, 124. In April 2010, the Eleventh Circuit denied Jackson's application for leave to file a second or successive § 2255 motion. Doc. #122. In July and August 2010, Jackson filed a second and third 28 U.S.C. § 2255 motion which this Court dismissed as successive. Doc. ##123, 128, 129, 130, 134, 135.

On April 24, 2012, Jackson filed a motion to correct judgment pursuant to Rule 36 of the Federal Rules of Criminal Procedure claiming that this Court erred at sentencing by not granting him credit for time served while in state custody from August 10, 2006 through August 3, 2008. Doc. #139. This Court denied Jackson's motion for lack of jurisdiction. Doc. #141.

Undeterred, Jackson now has filed a "Motion Rule 60(b) Pursuant to USSG §5G1.3(b) Credit for Time Served." Doc. #142. Jackson contends that this Court should award him credit for time served pursuant to United States Sentencing Guideline § 5G1.3(b). *Id.* He claims that Rule 60(b) of the Federal Rules of Civil Procedure provides an avenue to correct a sentencing error. *Id.*

However, as the government correctly notes, Rule 60 of the Federal Rules of Civil Procedure "does not provide for relief from judgment in a criminal case." *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). Rule 60 "cannot be used to challenge a sentence." *United States v. Zuluaga*, 192 Fed. Appx. 944, 945 (11th Cir. 2006). A district court "lack[s] jurisdiction" to consider a motion under Rule 60 in a criminal case. *United States v. Whisby*, 323 Fed. Appx. 781, 782 (11th Cir. 2009). Jackson's attempts to employ Rule 60 here to challenge the judgment and sentence in his criminal case must therefore fail.

Only under very limited circumstances may this Court modify an imposed term of imprisonment, and none of those circumstances is present here. *See* 18 U.S.C. § 3582(c).

In any event, this Court lacks jurisdiction to entertain Jackson's claim. "A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000). A section 2241 motion must be filed in the district of the prisoner's confinement. *See* 28 U.S.C. § 2241; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 442-443, 124 S.Ct. 2711 (2004). Jackson's confinement location has not changed. Jackson is confined in the District of South Carolina, so this Court lacks jurisdiction over any §2241 claim he might raise.

Accordingly, Jackson's "Motion Rule 60(b) Pursuant to USSG §5G1.3(b) Credit for Time Served" is **DENIED**.

This 25 day of June, 2012.

*/s/ B. Avant Edenfield*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA