UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA

v.                CR 406-258

YUSEF L. JACKSON

## ORDER

Now before the Court is defendant Yusef L. Jackson's "Petition To Vacate Order Of Restitution." Doc. # 146.

Jackson is serving a 120-month sentence imposed by this Court, in April 2007, after his conviction at trial for possession of a firearm by a convicted felon. Docs. ## 74, 90. As part of that sentence, this Court required Jackson to pay a $2,500 fine; during his incarceration, that fine would be paid by "quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR." Doc. # 90, at 5-6. Jackson appealed, raising no arguments about the appropriateness of his fine, and the Eleventh Circuit affirmed in September 2007. See United States v. Jackson, 249 Fed. App'x 130 (11th Cir. 2007).

Now, more than six years later, Jackson argues that this Court's "restitution" order constituted an improper delegation to the Bureau of Prisons. Doc. # 146, at 1-2. He asks that his sentence be vacated because of this supposed error and that he be resentenced. The government has responded in opposition. Doc. # 147.

As the government correctly notes, Jackson's sentence is long final, and he has identified no circumstance that would permit this Court to alter its terms at this late date.

See 18 U.S.C. § 3572(c). In any event, Jackson's argument is meritless. This Court did not improperly delegate its sentencing authority to the Bureau of Prisons, as the Eleventh Circuit has concluded under materially indistinguishable circumstances. See United States v. St. Surin, 482 Fed. App'x 490, 494 (11th Cir. 2012); see also United States v. Jones, 539 Fed. App'x 920, 922 (11th Cir. 2013).

If, as the government suggests, Jackson is complaining about the Bureau of Prisons' application of its Inmate Financial Responsibility Program, then his remedy is a petition filed under the provisions of 28 U.S.C. § 2241 in the district of his incarceration after exhaustion of administrative remedies. See, e.g., United States v. Wynn, 328 Fed. App'x 826, 829 (3d Cir. 2009). This Court is not the proper place for any such petition because Jackson is incarcerated in the District of South Carolina, not here.

Jackson's motion therefore must be, and is, **DENIED**.

**SO ORDERED.**

This 16 day of July, 2014.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA