```
IN THE UNITED STATES DISTRICT COURT FOR THE
         SOUTHERN DISTRICT OF GEORGIA
               SAVANNAH DIVISION
```

UNITED STATES OF AMERICA      *
                              *
        vs.                   *    CR 406-258
                              *
YUSEF LATEEF JACKSON          *

**O R D E R**

This matter comes before the Court on the Government's motion pursuant to 18 U.S.C. §§ 3613(a) and 3664(n) requesting the Court to enter an Order authorizing the Bureau of Prisons to turnover to the Clerk of Court $1,975.00 of the funds held in the inmate trust account for the Defendant as payment for the criminal monetary penalties imposed in this case. (Doc. no. 150.) As set forth in the Government's motion, the Bureau of Prisons maintains in its possession, custody, or control approximately $5,156.98 in funds belonging to the Defendant that are currently in the Defendant's trust account.

Defendant responds that he has complied with the payment schedule set out in the Court's judgment and therefore should not be required to immediately pay the entire balance due on his fine. (Doc. no. 153.) He asserts that such a payment would be a hardship on him and his family upon his anticipated release from federal custody in 2017.

In reply, the Government argues that the existence of and compliance with a court-ordered payment schedule does not bar

the Government from employing other collection methods. (Doc. no. 157.) The Government also urges that Defendant has not established that funds in his inmate trust account are exempt from collection or that he stands to suffer any undue hardship.

A criminal fine constitutes a lien on Defendant's property that "arises on the entry of judgment," and "[n]otwithstanding any other Federal law . . . a judgment imposing a fine may be enforced against all property or rights to property of the person fined . . . ." 18 U.S.C. § 3613(a), (c). Thus, the Government's ability to enforce the lien that arises in its favor upon entry of judgment is not limited by a court-ordered payment. Further, Section 3664 requires that Defendant's resources received from any source during his term of incarceration must be applied to his outstanding criminal debt. That statute provides that

> [i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such a person shall be required to apply the value of such resources to any restitution or fine still owed.

18 U.S.C. § 3664(n).

While Defendant contends that he and his family would suffer a hardship if the Court granted the Government's motion, he does not reconcile his claim of hardship with the fact that the enforcement of his criminal fine in this manner

2

would leave him with over $3,000 in his trust account.

Upon due consideration, **IT IS HEREBY ORDERED** that the Government's Motion to Authorize Payment from Inmate Trust Account (doc. no. 150) is **GRANTED**. The Bureau of Prisons is authorized to turnover to the Clerk of Court $1,975.00 of the funds currently held in the trust account for the following inmate:

> Yusef Jackson
> Register # 128565-021
> FCI Williamsburg
> Federal Correctional Institution
> P.O. Box 340
> Salters, SC 29590

**IT IS FURTHER ORDERED** that the Clerk of Court shall accept and apply said funds as payment in satisfaction of the criminal monetary penalties owed by the Defendant in this case.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of July, 2015.

Honorable J. Randal Hall
United States District Judge
Southern District of Georgia

3